UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13723-RGS

STEPHEN CONNOLLY

v.

JAMES J. BULGER

ORDER

November 6, 2015

STEARNS, D.J.

For the reasons stated below, the court dismisses this action.

On October 26, 2015, the clerk received for filing a document captioned as a motion for a preliminary injunction and a temporary restraining order. The plaintiff is identified as Stephen Connolly and he states that works as a janitor for a major newspaper in Mclean, Virginia. Connolly claims that he is facing imminent danger of bodily harm by James "Whitey" Bulger, a notorious figure who was convicted in this court on various counts of racketeering, money laundering, extortion, and firearms possession. *See United States v. Bulger*, Crim. No. 99-10371-DJC (D. Mass.).

According to the plaintiff, Bulger stole his identify while to escape capture by law enforcement and is now directing other criminals to kill the plaintiff. The plaintiff makes other extraordinary claims about his connection to Bulger. For example, he alleges that Bulger once smashed a beer bottle on Connolly's head. Connolly also asserts that a confidential informant told him that Bulger communicates with Patty Hearst through coded lipstick messages in magazines.

Connolly asks this court to issue an order preventing Bulger "from communicating with society to put a hit out on me for exposing Bulgers chriminal lifestlye and criminal characterists which Bulger possesses because he is obsessed." Mot. at 1 (as in original).

The motion is DENIED because the plaintiff has not shown a likelihood of success on the

merits of any claim based on the plaintiff's allegations.

Further, construing the motion also as a complaint, the allegations do not meet the plausibility requirements of Rule 8(a) of the Federal Rule of Civil Procedure, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and are otherwise frivolous. Accordingly, the Court orders that this action be DISMISSED.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE